## PEOPLE *a.* THE WASHINGTON ICE COMPANY.

*Supreme Court, First District; Special Term, Feb.*, 1865.

### RECEIVER OF CORPORATIONS.—INJUNCTION.

In proceedings by the attorney-general in the nature of a *quo warranto*, for the dissolution of a corporation, the court has no power to appoint a receiver before judgment, except in cases of insolvency.

But the court may in such a case issue an injunction.

Motion for an injunction and receiver.

This suit was brought by the attorney-general for the dissolution of the corporation-defendant, for certain irregularities in the articles of incorporation and alleged unlawful acts of the officers of the company; and a motion was made for the appointment of a receiver during the litigation and for an injunction. On the hearing of the motion, the objection was taken that the court had no power to appoint a receiver in cases like this.

*Titus B. Eldridge*, for the plaintiff.

*J. E. Burrill*, for the defendant.

INGRAHAM, J.—Sections 442 and 444 of the Code contain the provisions as to forfeiture of the corporate rights of a corporation, and the proceedings to be taken after such forfeiture is established. By these provisions, the attorney-general is authorized to proceed in obtaining a judgment of forfeiture, and after judgment is rendered, he is authorized to institute proceedings to restrain the corporation from exercising corporate rights and for appointing a receiver.

Such an action by the attorney-general is authorized by the 430th section of the Code, and the object is to deprive the corporation of its corporate rights, and for its dissolution.

The 244th section of the Code allows the appointment of a receiver of a corporation, where it has been dissolved, is insolvent or in danger of insolvency, or has forfeited its corporate rights. Taking these provisions together, it appears to me that the Code contemplates before the appointment of a receiver that the ground on which the receiver is to be appointed should be judicially determined. Where the cause is the same for which the action is brought, viz., its dissolution or forfeiture, then such dissolution or forfeiture must be established by a judgment, before a receiver is to be appointed to take possession of its effects. A corporation is never said to be dissolved, nor are its corporate rights forfeited, until so adjudged by a proper proceeding in a court of justice. It may be exposed to such proceedings, but until they are taken by the People to enforce the forfeiture, the corporation will continue to act, and its acts are valid.

No person can take advantage of any such matters, until the forfeiture is established.

It may be otherwise where the company is in danger of insol-. vency, but that is not the case of this company.

So, under the Revised Statutes (2 *Rev. Stat.*, 581, § 13), the power of the court on vacating an act of incorporation to restrain the corporation and appoint a receiver, is to be exercised after the rendition of the judgment.

But the appointment of a receiver is not to be confounded with the issuing of an injunction to prevent a corporation from doing illegal acts or improperly disposing of the funds of the corporation, whether the action is brought by a creditor or the attorney-general. In either case, the court may interfere by a preliminary injunction to prevent any such acts during the pendency of the suit. That such temporary injunction may be granted against a corporation, is apparent from the 224th section, and it may even suspend the ordinary business of the corporation.

There are many causes for which such an injunction may be granted against a corporation.

As I did not hear this branch of the motion argued, I express no opinion upon the sufficiency of the plaintiffs' papers at this time, and the counsel must be heard upon it at such time as shall be named for that purpose.

At the present time, I only intend to decide that the motion for a receiver cannot be granted until after the attorney-general obtains a judgment declaring the charter of the corporation forfeited.

This branch of the motion is denied, and the motion for an injunction may be argued on a notice of two days before the judge at chambers.